Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VENEZIA CLUB HOUSE LLC<br><br>Recurrida<br><br>V.<br><br>JORGE JAVIER MARRERO GERENA, CONYUGE DE NOMBRE DESCONOCIDO, MARRERO-NOMBRE DESCONOCIDOS, SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS Y OTROS<br><br>Peticionario | KLCE202500267 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV00111<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de marzo de 2025.

El 17 de marzo de 2025, compareció ante este Tribunal de Apelaciones, la señora Karina Gallardo Troche (en adelante, parte peticionaria o señora Gallardo Troche), mediante *Petición de Certiorari*. Por medio de este, nos solicita que, revisemos la *Resolución Final* emitida el 13 de febrero de 2025 y notificada el 14 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo*, declaró No Ha Lugar la *Moción de Reconsideración de Resolución Denegando Moción de Relevo de Sentencia* incoada por la señora Gallardo Troche.

Conjuntamente con su recurso, la parte peticionaria presentó *Moción en Auxilio de Jurisdicción* en la que solicitó la paralización de los procedimientos de ejecución de la *Sentencia* dictada hasta tanto no culminen los procesos apelativos pendientes.

Número Identificador

RES2025 _____

Adelantamos que, por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari*.

**I**

De entrada, nos compete destacar que el recurso que nos ocupa es secuela de otros tres recursos relacionados[1], dentro del mismo pleito judicial ante el foro primario. Adoptamos por referencia el trámite procesal del caso plasmado en nuestras *Sentencias* previas y nos circunscribiremos a reseñar a aquellas incidencias procesales acaecidas con posterioridad a nuestra *Sentencia* en el recurso con identificación alfanumérica KLCE202401016 y aquellas otras que sean estrictamente pertinentes a la controversia que nos ocupa.

A modo de repaso y como esbozamos en nuestra *Sentencia* previa[2], el 13 de agosto de 2024, la parte peticionaria presentó la *Moción Urgente al Amparo de la Regla 49.2 de Procedimiento Civil.* Argumentó que, la determinación de la primera instancia judicial era nula, debido a una alegada violación al debido proceso de ley, y otras razones que en derecho justificaban que se dejara sin efecto la *Sentencia* al amparo de la Regla 49.2 de Procedimiento Civil. La parte peticionaria adujo que, durante el pleito y en la *Sentencia,* no se consideraron ni se salvaguardaron los derechos de las personas que habitaban, ocupaban y poseían la Propiedad en cuestión, en virtud de un supuesto contrato de arrendamiento previamente otorgado por un término de diez (10) años. De igual manera, sostuvo la señora Gallardo Troche que ella y su hijo, debieron ser acumulados al pleito como parte indispensables por ser arrendatarios de la propiedad. Argumentó la existencia de un alegado fraude en el contrato de opción, y la existencia de un

---

[1] Los recursos relacionados son el KLCE202300004; KLAN202300678 y el KLCE202401016.
[2] Emitida en el recurso KLCE202401016.

derecho de hogar seguro de una *Sentencia* emitida el 7 de mayo de 2024, en el caso civil número CA2024RF00292[3]. Solicitó al foro *a quo*, que declarara nula la *Sentencia*, o la dejara sin efecto y paralizara todos los procedimientos ulteriores.

Mediante *Resolución* emitida y notificada el 20 de agosto de 2024, el foro *a quo* declaró No Ha Lugar la *Moción Urgente al Amparo de la Regla 49.2 de Procedimiento Civil.*

Surge del expediente ante nos que, ese mismo día, 20 de agosto de 2024, la señora Gallardo Troche, compareció por derecho propio ante el Tribunal de Primera e interpuso en el aludido caso[4], *Urgente Solicitud de Intervención y Paralización.* En la misma adujo que, junto con su hijo menor de edad BRMG, está en posesión, uso y disfrute de la propiedad afectada por una orden de lanzamiento emitida el 31 de mayo de 2024 y citada para el desahucio al día siguiente, 21 de agosto de 2024. **Asimismo, afirmó que, en representación de su hijo menor de edad, ostenta el derecho a hogar seguro mediante Sentencia final y firme en el caso CA2024RF00292, emitida el 7 de mayo de 2024.** Añadió que, también comparecía por sí, toda vez que, existe y está vigente un contrato de arrendamiento a su favor que no ha sido revocado. Recabó del foro *a quo*, la paralización de los procedimientos y que se le permitiera intervenir para que sus derechos propietarios no se vieran afectados. Solicitó, además al foro primario, que le nombrara un defensor judicial a su hijo menor de edad.

En igual fecha, el foro recurrido emitió *Resolución[5]* mediante la cual determinó lo siguiente:

> Se ordena la paralización de los procedimiento[s]. Hasta que el Tribunal disponga lo contrario. Se ordena a la

---

[3] En dicha *Sentencia*, el foro *a quo*, declaró Ha Lugar la *Demanda* sobre Hogar Seguro instada por la señora Gallardo Troche el 2 de mayo de 2024. El señor Marrero Gerena, en su *Contestación a Demanda*, se allanó a la solicitud de designar la Propiedad como hogar seguro.

[4] Caso Civil número CA2021CV00111.

[5] Véase, Entrada Núm.169 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

parte demandante a replicar en 5 días. Se ordena a la parte que solicita la intervención a comparecer mediante representación legal en 10 días.

Por su parte, Venezia Club House, LLC (en adelante, la parte recurrida o Venezia Club) compareció ante el foro primario el 23 de agosto de 2024 mediante *Moción en Cumplimiento de Orden.* En esencia, alegó que, desde el 14 de febrero de 2024, se le había notificado a la parte peticionaria que se le había denegado su recurso incoado ante el Tribunal Supremo de Puerto Rico, por lo que, conocía hacía más de seis meses que el inmueble le sería vendido. Añadió que, la residencia en controversia no constituía el hogar principal por estar rentada a corto plazo. Alegó que, la solicitud de la designación de la propiedad como hogar seguro no era en beneficio del menor de edad, sino un intento de burlar el sistema judicial y relevarse de los efectos de la *Sentencia* emitida.

La parte recurrida sostuvo que, el 1ro de diciembre de 2023, le fue notificada la *Sentencia* de este foro revisor mediante la cual se confirmó al Tribunal de Primera Instancia y se ordenó la venta de la propiedad en cuestión. Arguyó que, si la intención del señor Marrero Gerena y de la interventora era proteger al menor, estarían pagando la hipoteca que grava la propiedad, la cual no se pagaba desde abril de 2024 y adeudaba hasta esa fecha, la suma de $35,957.98.

El 23 de agosto de 2024, el Juzgador de instancia emitió el siguiente dictamen:

> Vista la Moción en Solicitud de Intervención y la Oposición a la misma resolvemos que este tribunal no tiene jurisdicción para revocar una Sentencia final y firme de una sala hermana, por lo que le corresponde a dicha sala evaluar los planteamientos que se esbozan en la Oposición a la intervención, los cuales versan sobre la sentencia emitida en el caso CA2024F00292.

> Por todo lo cual, autorizamos la intervención de Karina Gallardo Troche, por sí y en representación de su hijo menor de edad y mantenemos la paralización de los procedimientos de ejecución de sentencia hasta que este tribunal determine lo contrario.

No obstante, el término otorgado para que la parte interventora comparezca mediante representación legal continúa en pleno vigor, so pena de la desestimación de la intervención.

Es preciso destacar que, junto al recurso de epígrafe, la parte peticionaria anejó una **Resolución** emitida por el foro primario **el 15 de noviembre de 2024**, en el caso **CA2024RF00292** —de la cual tomamos conocimiento judicial— mediante la cual, el foro de instancia *dejó sin efecto su Sentencia del 7 de mayo de 2024, en la que había decretado el hogar seguro* y le impuso la suma de $3,000 en honorarios a cada una de las partes por su temeridad.

El 12 de diciembre de 2024, la peticionaria presentó su *Moción Informativa en Solicitud de Guardar los Términos*.[6] En ella, notificó al foro primario sobre la *Resolución* emitida en el caso CA2024RF00292 sobre hogar seguro y su intención de apelar la decisión. Solicitó, además, que se sostuviera la paralización del lanzamiento.

El 13 de diciembre de 2024, el foro *a quo* emitió y notificó *Orden*,[7] mediante la cual declaró No Ha Lugar la paralización solicitada por la señora Gallardo Troche.

Por su parte, en igual fecha, Venezia Club presentó la *Moción Solicitando Ejecución de Sentencia, Cumplimiento de Orden y Lanzamiento*.

Ese mismo día, 13 de diciembre de 2024, el Tribunal de Primera Instancia emitió varias órdenes, a saber, *Orden Lanzamiento* donde declaró Ha Lugar la *Moción Solicitando Ejecución de Sentencia, Cumplimiento de Orden y Lanzamiento*.[8] El foro *a quo* también emitió la *Orden de Ejecución de Sentencia*.[9]

La parte peticionaria presentó *Moción en Solicitud de Relevo de Sentencia* el 24 de diciembre de 2024.

---

[6] Véase, Entrada Núm. 185 de SUMAC.
[7] Véase, Entrada Núm. 188 de SUMAC.
[8] Notificada el 7 de enero de 2024.
[9] Notificada el 7 de enero de 2024.

El 11 de enero de 2025, la peticionaria presentó la *Moción Urgente en Solicitud de Paralización*, mediante la cual solicitó la paralización urgente de los procedimientos de ejecución de sentencia y lanzamiento.[10]

Mediante *Orden* emitida el 16 de enero de 2025[11], el foro de primera instancia paralizó el procedimiento de ejecución de Sentencia hasta tanto se resolviera la *Moción de Relevo de Sentencia*.

Así las cosas, el 22 de enero de 2025, Venezia Club presentó la *Oposición a Moci[ó]n en Solicitud de Relevo de Sentencia*.

El 28 de enero de 2025, el Tribunal de Primera Instancia emitió *Resolución Interlocutoria[12]* en virtud de la cual declaró No Ha Lugar la *Solicitud de Relevo de Sentencia* presentada por la parte peticionaria.

A su vez, el 4 de febrero de 2025, la parte recurrida presentó *Moción Informativa* donde notificó al foro de primera instancia que diligenció el *Aviso de Desahucio*.

Por su parte, el 6 de febrero de 2024 la señora Gallardo Troche presentó una *Moción Informativa Urgente[13]*. Por medio de la anterior, sostuvo que, de la *Resolución Interlocutoria* no se desprendía que el foro *a quo* hubiese levantado la paralización y/u ordenado la continuación de los procedimientos de lanzamiento.

En igual fecha, respecto a la *Moción Informativa Urgente* el Tribunal de Primera Instancia emitió *Orden* en la cual dispuso:

> La Sentencia emitida en el caso de autos **no está paralizada**. La paralización emitida mediante Orden de 16 de enero de 2025, notificada el 21 de enero de 2025, tenía efecto hasta que se resolviera la Moción de Relevo de Sentencia y la misma fue resuelta el 28 de enero de 2025 y notificada el 29 de enero de 2025.

---

[10] Véase, Entrada Núm. 198 de SUMAC.
[11] Notificada 21 de enero de 2025.
[12] Notificada el 29 de enero de 2025.
[13] Cabe destacar que, dicha moción fue presentada bajo el número de caso CA2024RF00292, es decir, no correspondía al caso de epígrafe CA2021CV00111. De igual forma, las partes del referido caso son distintas a las del caso de epígrafe, estas son: Karina Gallardo Troche vs. Jorge Javier Marrero Genera, et al.

En desacuerdo, el señor Jorge Marrero Gerena (en adelante, señor Marrero Gerena) presentó *Reconsideraci[ó]n Urgente a Orden y Solicitud de Paralizaci[ó]n en Cumplimiento con el Debido Proceso de Ley*.[14] Esta fue declarada No Ha Lugar mediante *Orden* emitida el 6 de febrero de 2025.

El 7 de febrero de 2025, el señor Marrero Gerena presentó *Urgentísima Reconsideración*[15] y solicitó que se paralizaran los procedimientos de lanzamiento. Por otra parte, el señor Marrero Gerena presentó *Suplemento a Solicitud de Reconsideración y Solicitud de Imposición de Honorarios de Abogado por Temeridad*.[16]

La parte peticionaria presentó el 13 de febrero de 2025 la *Moción de Reconsideración de Resolución Denegando Moción de Relevo de Sentencia*.

Finalmente, el foro recurrido emitió *Resolución Final* el 13 de febrero de 2025 y notificada el 14 de febrero de 2025, mediante la cual dispuso:

> Vista las Mociones de Reconsideración se declaran las mismas No Ha Lugar.

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *certiorari* y esgrimió los siguientes señalamientos de error:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RELEVO DE SENTENCIA SIN SIQUIERA ADJUDICAR PLANTEAMIENTOS DE LA PARTE PETICIONARIA QUE INCIDEN EN SU DEBIDO PROCESO DE LEY Y EL DE UN MENOR DE EDAD.
>
> SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER LA EJECUCIÓN DE LA SENTENCIA Y DICTAR UNA ORDEN DE LANZAMIENTO SIN QUE LA RESOLUCIÓN SOBRE RELEVO DE SENTENCIA FUERA FINAL Y FIRME Y SIENDO EL LANZAMIENTO INCONSISTENTE

---

[14] Cabe destacar que, dicha moción fue presentada bajo el número de caso CA2024RF00292, es decir, no correspondía al caso de epígrafe CA2021CV00111. De igual forma, las partes del referido caso son distintas a las del caso de epígrafe, estas son: Karina Gallardo Troche vs. Jorge Javier Marrero Genera, et al.

[15] Entrada Núm. 211 de SUMAC.

[16] Entrada Núm. 213 de SUMAC.

CON EL MANDATO DE LA SENTENCIA PREVIAMENTE DICTADA.

TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR EL RELEVO DE SENTENCIA Y PERMITIR LA EJECUCIÓN DE LA SENTENCIA Y DICTAR UNA ORDEN DE LANZAMIENTO EN DETRIMENTO CON EL INTERÉS DE PROTEGER EL MEJOR BIENESTAR DE UN MENOR.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[17]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[17] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que

se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

### III

En esencia, en sus tres señalamientos de error, la parte peticionaria intenta revivir un asunto ya adjudicado por este foro revisor, entiéndase, el relevo de la sentencia emitida por el foro *a quo* y validada mediante nuestra *Sentencia* emitida el 17 de octubre de 2024, en el recurso KLCE20241016. En esta ocasión, la parte peticionaria intenta persuadirnos bajo el fundamento de que la propiedad en controversia constituye el hogar seguro del menor BRMG.

Como mencionamos previamente, tomamos conocimiento judicial de ***Resolución*** emitida por el foro primario **el 15 de noviembre de 2024**, en el caso **CA2024RF00292**. Mediante el aludido dictamen, el foro de instancia ***dejó sin efecto su Sentencia del 7 de mayo de 2024, en la que había decretado el hogar seguro*** y le impuso la suma de $3,000 en honorarios a cada una de las partes por su temeridad. En particular, en su dictamen, la Juzgadora de instancia hizo constar lo siguiente:

> Luego de haber examinado en detalle los expedientes judiciales CA2021CV00111 y BI2022RF01376, ***este Tribunal no tiene la menor duda de que las partes solicitaron que este tribunal declarase el hogar seguro sobre la propiedad de Vistamar Marina de Carolina para evitar la ejecución de la Sentencia del caso CA2021CV00111 y su ulterior lanzamiento.***

Por tanto, era indispensable que este Tribunal permitiera la intervención de Venezia Club House, LLC en el caso de autos.

El proceder de las partes no solo es cuestionable desde el punto de vista ético, sino que la continua utilización del sistema judicial de forma arbitraria, pese a la existencia de una Sentencia final y firme emitida en el caso CA2021CV00111, raya en la temeridad absoluta.

***Simple y sencillamente no procedía el decreto de hogar seguro solicitado por la demandante en el caso de autos, sobre la propiedad de Vistamar Marina de Carolina, pues el dominio del Inmueble ya no le pertenecía al demandado y el dictamen Judicial que así lo decretó era final y firme a la fecha en que se solicitó el dictamen de hogar[sic]***.[18]

En desacuerdo con lo dictaminado, la señora Gallardo Troche y el señor Marrero Gerena acudieron ante este foro revisor mediante sus respectivos recursos apelativos KLAN202401129 y KLAN202401128, los cuales fueron consolidados, acogidos como *certiorari* y denegados. **La aludida determinación se encuentra ante la consideración de nuestro Tribunal Supremo mediante el recurso AC-2025-0017**.

La solicitud de la parte peticionaria no solo es improcedente en derecho, sino que constituye otro intento fallido de entorpecer los procedimientos y evitar la ejecución de una *Sentencia* emitida en el caso de epígrafe, la cual es *final y firme.* Lo anterior no es sino un despliegue desmedido de contumacia y temeridad.

Luego de evaluar la determinación recurrida, y en ausencia de los criterios expuestos en la Regla 40 de nuestro Reglamento, *supra*, resolvemos no intervenir con el dictamen recurrido.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari*. Consecuentemente, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción*.

**Notifíquese inmediatamente.**

---

[18] Énfasis en el original.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones